UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON ANDERSON ) | |
|     *Petitioner,* ) | |
| ) | Case No. 3:17-CR-63 RLM-MGG |
| v. ) | |
| ) | (Arising from 3:22-CV-481-RLM) |
| UNITED STATES OF AMERICA ) | |
|     *Respondent.* ) | |

OPINION AND ORDER

Jason Anderson is serving a 180-month term of imprisonment for one count of unlawful possession of a firearm by a felon. 18 U.S.C. § 922(g)(1). The court imposed a 180-month term of imprisonment because Mr. Anderson's criminal history included three convictions for serious drug offenses, so a 180-month term of imprisonment was mandatory. *See* 18 U.S.C. § 924(e)(1). Mr. Anderson moves to vacate his sentence, arguing that he didn't have three serious drug offenses, so a mandatory minimum under § 924(e)(1) was unlawful.

A prisoner in federal custody may move to vacate a sentence if the sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Anderson advances two arguments. First, he argues that two of the three convictions were really a single offense because they weren't committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). One offense was committed on September 21, 2000, and another was committed on September 22, 2000. This is an argument that this court rejected at sentencing and that the court of appeals rejected on direct appeal. Mr. Anderson renews this argument in light of Wooden v. United States, 142 S. Ct. 1063 (2022). The

Court in Wooden v. United States held that the petitioner's crimes of conviction weren't committed on separate occasions because they were part of a single criminal episode despite happening at distinct points in time. Id. at 1067. Mr. Anderson argues his September 2000 convictions must be reexamined.

Mr. Anderson's second argument is that his prior convictions aren't serious drug offenses under § 924(e)(1) because the state statutes governing his convictions are broader than the federal statute. A state crime can't qualify as an Armed Career Criminal Act predicate if its elements are broader than a listed generic offense (like a "serious drug offense"). Mathis v. United States, 579 U.S. 500, 509 (2016). Mr. Anderson's first and second convictions are for dealing cocaine in violation of Indiana law. See Ind. Code § 35-48-4-1 (1998). His third conviction is for possession with intent to deliver between 15 and 100 grams of cocaine in violation of Illinois law. See 720 Ill. Comp. Stat. 570/401(a)(2)(A) (2004). Both Indiana and Illinois define cocaine to include cocaine's positional isomers. Ind. Code § 35-48-1-7; 720 Ill. Comp. Stat. 570/206(b)(4). Federal law doesn't define cocaine to include cocaine's positional isomers. 21 U.S.C. § 812 Schedule II(a)(4); 21 U.S.C. § 802(14). Mr. Anderson argues that the inclusion of positional isomers in the state definition and the exclusion of positional isomers from the federal definition shows that his state offenses aren't serious drug offenses for purposes of sentencing.

Mr. Anderson's motion to vacate appears to be untimely, 28 U.S.C. 2255(f), but the government expressly waived the statute of limitations. See United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005) (statute of limitations under §

2255 is waivable). The government agrees with Mr. Anderson's overbreadth argument, so concurs that he should be resentenced. The government acknowledges that the Indiana and Illinois convictions aren't "serious drug offense[s]" because they depend on definitions of cocaine that are broader than the federal definition of cocaine. *See* United States v. De La Torre, 940 F.3d 938, 952 (7th Cir. 2019) (Indiana law); United States v. Ruth, 966 F.3d 642, 650 (7th Cir. 2020) (Illinois law). The government disagrees with Mr. Anderson as to whether his two Indiana convictions were committed on separate occasions but contends the court need not reach that issue because the overbreadth issue is enough to grant Mr. Anderson the relief he seeks.

Mr. Anderson's state convictions don't constitute serious drug offenses for purposes of sentencing because those state convictions were for state offenses defined more broadly than their federal counterpart. Without three "serious drug offenses," Mr. Anderson wouldn't be subject to a 180-month mandatory minimum sentence under § 924(e)(1). The government waives the statute of limitations. Accordingly, the court GRANTS Mr. Anderson's motion to vacate sentence under § 2255. [Doc. 49]. The court reaffirms the resentencing deadlines earlier set by the court. [Doc. 63, 64]. Mr. Anderson shall remain in custody pending his resentencing.

SO ORDERED.

ENTERED:   December 14, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

3